1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7 | GEICO INDEMNITY COMPANY,                    Case No. 2:15-cv-00340-APG-PAL

8 |                              Plaintiff,                ORDER

9 |           v.                                       (Mot Strike – Dkt. #11)

   | STEVEN GOLDSTEIN,

10 |

11 |                              Defendant.

12      Before the court is Plaintiff Geico Indemnity Company's Motion to Strike Plaintiff's Jury

13 Demand (Dkt. #11).   The court has considered the motion, Defendant Steven Goldstein's

14 Response (Dkt. #12), and Plaintiff's Reply (Dkt. #13).

15                                    **BACKGROUND**

16      This is a declaratory relief action filed by Geico Indemnity Company ("Geico") on

17 February 26, 2015.  Jurisdiction is based on the Federal Declaratory Act, 28 U.S.C. § 2201 and

18 28 U.S.C. §§ 1331 and 1337(a) as well as diversity.  The case arises from a serious motor-

19 vehicle accident in 2012 that killed the drivers of two cars, and seriously injured the occupants of

20 a third.  Defendant Steven Goldstein ("Goldstein") is the special administrator of the estate of

21 Thomas Joseph Meyers.  Complaint (Dkt. #1) ¶5.  Geico issued an automobile insurance policy

22 to Meyers which included bodily injury liability limits of $15,000/person and $30,000/accident.

23 *Id.*, ¶¶7, 9.  Meyers and David Anthony Mann were both killed in the automobile accident.  *Id.*,

24 ¶8.  During the accident, Meyers' vehicle struck a third vehicle driven by Nicholas Davis

25 ("Davis").  *Id.*, ¶8.  Martha and Benjamin Cortez were passengers in Davis' vehicle at the time of

26 the accident.  *Id.*

27      Counsel for Carolyn Mann and the Estate of David Anthony Mann sent Geico

28 correspondence April 23, 2012, making a claim for personal injuries against Geico's insured.

*Id.*, ¶10.  A demand for policy limits was made.  *Id.*, ¶11.  On April 23, 2012, Geico was advised by counsel for the Cortez's that they would also make a claim for personal injuries against Geico's insured.  *Id.*, ¶12.

On April 30, 2012, Geico offered to tender its entire $30,000 policy limits to multiple parties presenting claims.  *Id.*, ¶14.  Geico suggested a pro rata distribution with Carolyn Mann receiving $15,000, the Cortez's receiving $10,000, and Davis receiving $5,000.  *Id.,* ¶14.  Counsel for Carolyn Mann rejected the offer in correspondence dated May 22, 2012.  *Id.,* ¶15.  Carolyn Mann individually and as special administrator of the estate of David Anthony Mann filed a state court case June 17, 2013, alleging wrongful death as a result of the accident.  *Id.*, ¶16.  Goldstein was appointed special administrator of the estate of Thomas Joseph Meyers July 15, 2013, to represent the estate.  *Id.*, ¶17.  Geico retained counsel to defend special administrator Goldstein in the lawsuit filed by Mann.  *Id.,* ¶18.

The lawsuit filed by Mann as the special administrator of the estate of David Anthony Mann was tried by a jury and resulted in award of $1.65 million.  *Id.,* ¶19.  Carolyn Mann made a demand on Geico for the full amount of the judgment.  *Id.,* ¶20.  Geico seeks a declaratory judgment that Goldstein as special administrator of the estate of Thomas Joseph Meyers has no liability to Carolyn Mann in excess of Geico's policy limits of $15,000.  *Id.,* ¶¶23 – 25.

In the current motion, Geico seeks to strike Defendant Goldstein's[1] jury demand which accompanied his answer to Plaintiff's complaint.  Geico argues that Rule 38(a) and the Seventh Amendment do not create a right to jury trial in this declaratory relief action.  The Seventh Amendment is limited to "suits at common law," as distinguished from proceedings in equity.  In *Granfianciera S.A. v. Nordberg,* 492 U.S. 33 (1989), the Supreme Court established a three-part test to determine whether a party is entitled to a jury trial.  The court first examines if the action is of the type that would have been brought at law in 18th century England before the merger of law and equity.  Second, court examines the remedy sought and determines whether it is legal or equitable in nature.  If, on balance, these two factors indicate that a jury trial is required under

---

[1] The caption of the motion erroneously indicates Geico is seeking to strike "*Plaintiff's* jury demand".

the Seventh Amendment, the court decides whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a fact finder.  In this case, Geico seeks declaratory relief in the form of a judicial determination of its rights and obligations under an insurance contract.  This is an "intangible" remedy sounding in equity and is not triable before a jury.  Geico is not seeking monetary recovery, or recovery of any tangible assets.  Goldstein did not file a counterclaim and does not otherwise assert any damage claim in its answer.  Goldstein's failure to assert compulsory counterclaims under Fed. R. Civ. P. 13(a) waived them.  The court should therefore strike Defendant Goldstein's demand for jury trial.

Goldstein opposes the motion to strike on several gounds  In this case, Geico seeks a judicial determination of the parties' rights and duties under contract.  Shortly after the collision, Carolyn Mann, as the sole heir and mother of David Mann, made a demand on Geico for policy limits.  Geico rejected Ms. Mann's demand and made a joint counteroffer to Ms. Mann and the two occupants of the third vehicle who suffered minor injuries.  Geico's offer was contingent on the parties working together to divvy up the policy.  As a result, Ms. Mann rejected Geico's counteroffer and sued the estate of Geico's insured, Thomas Joseph Meyers.  Goldstein was the special administrator of the estate.  The case went to jury trial.  A $1.65 million verdict was returned in favor of Ms. Mann against Goldstein as special administrator of the estate of Thomas Joseph Meyers, and the verdict was reduced to judgment in the amount of $1,728,716.86 on September 19, 2014.

Goldstein acknowledges that a declaratory relief action sounds in equity. The action seeks a judicial determination of the parties' rights and duties under contract.  However, Goldstein argues that Geico's complaint allegations make it plain that Geico seeks a judicial declaration of its rights and duties and a declaration of its liability under the insurance contract, and there is "no question of what Plaintiff Geico's duties were *under the contract* of insurance" (emphasis in original).  It also seeks a judicial determination that Geico's actions in attempting to resolve Carolyn Mann's claims within policy limits was not bad faith.   Finally, Geico seeks a judicial determination that Goldstein as the special administrator of the estate of Thomas Joseph

Meyers has no liability to Carolyn Mann in excess of Geico's policy limits pursuant to NRS 14.040(3).

Goldstein claims that these prayers for relief go far beyond seeking a judicial determination of Geico's duties and obligations under the contract. Specifically, Geico is seeking a judicial determination that Geico acted in good faith in its dealings with the estate of its insured. Additionally, Geico asks for a judicial determination that Goldstein as special administrator of the estate of Thomas Joseph Meyers is a nominal Defendant with no personal risk of liability, and therefore, had no bad faith claim to assign. Geico asks the court to do far more than decide its rights and obligations under the contract. The parties do not dispute Geico's rights and duties under the contract. All parties agree that Geico had a duty to pay its policy limits of $15,000/person, $30,000/collision as liability was reasonably clear and damages were reasonably established. Goldstein has a right to file a demand for jury trial under both the Seventh Amendment of the Constitution and Fed. R. Civ. P. 38 in cases sounding in law rather than equity, and has done so. Geico may not deprive the Defendant of a jury trial by calling its complaint a declaratory relief action when Geico is seeking legal determinations, rather than equitable determinations, from the court.

Finally, Goldstein disputes that he waived compulsory counterclaims by failing to raise them in the answer. Ms. Mann, as special administrator of the estate of her husband, is the assignee of the bad faith claim and is not named in this action. She filed a separate lawsuit, Case No. 2:15-cv-00485-JAD-CWH, which Geico has moved to dismiss arguing she was required to file a compulsory counterclaim in this case instead. That motion is under submission to the district judge. Ms. Mann could not file a counterclaim in this case because she is not a party. Goldstein argues that Geico is trying to use its complaint "as a sword to deprive the assignee of its insured's rights" to defeat Mann's claims. Geico seeks a declaration in this case that it did not commit bad faith and wants to use the complaint in this case to prevent Ms. Mann from alleging Geico did not commit bad faith in the Mann action.

Geico replies Goldstein's opposition mischaracterized the nature of the complaint by asserting this case only concerns extra contractual liability or bad faith damages. The

preliminary issue is contractual in nature.  The preliminary issue is whether Geico made a settlement offer in accordance with Mann's demand which Mann failed to accept, "which is contractual in nature."  Additionally, Geico seeks two legal determinations: (1) whether a special administrator may "hold liability in excess of policy limits" under NRS 14.040(3), and (2) whether a special administrator, who is a nominal defendant with no risk of personal liability, has a bad faith claim to assign.  Geico argues Goldstein had potential claims for legal damages arising out of the same transaction or occurrence at issue in Geico's complaint, but did not file compulsory counterclaims or request damages in his answer or amended answer.  By failing to assert a mandatory counterclaim in his answer, Goldstein has waived the right to raise counterclaims, and the pleadings do not raise any issue that warrants a jury trial.

Carolyn Mann, as Goldstein's assignee, filed a separate action against Geico in this court, 2:15-cv-00485 (The "Mann Litigation").  Goldstein and Mann were aware that this declaratory relief action had been filed by Geico at the time Mann, as Goldstein's assignee, filed the Mann case against Geico for damages.  If Goldstein simply opted to properly file a counterclaim in this action, Geico would have had no issue with allowing a jury to consider those issues.  However, as there is no claim for legal damages in this case, there is no right to jury trial.  It is possible that both cases will be consolidated.  However, unless the cases are consolidated, a jury trial is not warranted and the jury demand should be stricken.

## DISCUSSION

The Seventh Amendment to the United States Constitution provides:

> In suits at common law, where the value and controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

A jury trial is "the normal and preferable mode of disposing of issues of fact in civil cases at law as well as in criminal cases." *Dimick v. Schiedt,* 293 U.S. 474, 485 (1935).  Having a jury act as a fact-finding body "is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Id.*

Fed. R. Civ. P. 38(a) provides: "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate."  When a jury trial demand has been properly made, the case must be tried before a jury "on all issues so demanded" unless the parties stipulate to a non-jury trial, Fed. R. Civ. P. 39(a)(1), or the court "finds that on some or all of those issues there is no federal right to a jury trial" Rule 39(a)(2).

Geico concedes that a jury trial is required if this case is consolidated with the bad faith claims brought by Carolyn Mann, as special administrator of the estate of her husband.  In an Order (Dkt. #26) entered August 18, 2015, Judge Dorsey denied Geico's motion to dismiss and stay, but granted its alternative request that the court consolidate the Mann action with this case. The cases have now been consolidated for all purposes with this case designated as the lead case. Accordingly,

**IT IS ORDERED** that Geico Indemnity Company's Motion to Strike Plaintiff's Jury Demand (Dkt. #11) is **DENIED**.

DATED this 19th day of August, 2015.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE