1  THOMAS E. WINNER, ESQ.
   Nevada Bar No. 5168
2  MATTHEW J. DOUGLAS, ESQ.
   Nevada Bar No. 11371
3  PHIL W. SU, ESQ.
   Nevada Bar No. 10450
4  ATKIN WINNER & SHERROD
   1117 South Rancho Drive
5  Las Vegas, Nevada 89102
   Phone (702) 243-7000
6  Facsimile (702) 243-7059

7  *Attorneys for GEICO Indemnity Company*

8              UNITED STATES DISTRICT COURT

9                  DISTRICT OF NEVADA

10

11  GEICO INDEMNITY COMPANY,              CASE NO.: 2:15-cv-00340-APG-PAL

12         Plaintiff,                     (Sub-Case 2:12-cv-02166-APG-CWH)

13  vs.
                                          **STIPULATION AND PROTECTIVE**
14  STEVEN     GOLDSTEIN,     as   Special  **ORDER REGARDING CONFIDENTIAL**
    Administrator of the Estate of  THOMAS  **DOCUMENTS PRODUCED BY**
15  JOSEPH MEYERS, and DOES I through V,   **PLAINTIFF/DEFENDANT GEICO**
                                          **INDEMNITY COMPANY**
16         Defendants.

17  *Consolidated With:*

18  CAROLYN MARIE MANN, Individually
    and  as   Special   Administrator  of  the
19  ESTATE  OF DAVID ANTHONY MANN
    and as Assignee of the claims of STEVEN
20  GOLDSTEIN, as Special Administrator of
    THE  ESTATE  OF  THOMAS  JOSEPH
21  MEYERS,

22  Plaintiff,

23  vs.

24  GEICO INDEMNITY COMPANY,

25  Defendant.

26              **STIPULATION TO PROTECTIVE ORDER**

27      IT IS HEREBY STIPULATED by and between all parties: Plaintiff/Defendant GEICO

28

                          Page 1 of 10

715487.docx

Indemnity Company, Defendant Steven Goldstein, and Plaintiff Carolyn Mann, through their respective attorneys of record, as follows:

1. The parties agree that certain documents and data produced in this litigation contain confidential information. A document containing confidential information shall be designated by marking the document with a watermark indicating "Proprietary or Confidential Information - Subject to Protective Order, Case No. 2:15-cv-00340-APG-PAL."

2. Except as otherwise provided in this stipulation or by further order of the court, all documents designated confidential shall be used only for purposes of this litigation and shall be disclosed only to the parties and their attorneys (including secretarial and legal staff); and to any consultant retained by the parties as a potential or actual expert witness in this litigation. All such individuals who are given access to the Confidential Information must first agree to be bound by the terms of this Stipulation and Protective Order by signing the "Acknowledgement of Stipulated Protective Order," attached as **Exhibit A** to that Order.

3. For any deposition transcript that contains testimony concerning Confidential Information, or which includes any document containing Confidential Information that is marked as an exhibit, each such deposition shall be designated as "Subject to Protective Order, Case No. 2:15-cv-00340-APG-PAL" on the record during said deposition, placed under seal, and shall be subject to the terms of the Stipulated Protective Order.

4. When this litigation is concluded by judgment, settlement, dismissal or otherwise, the provisions of this protective order shall remain in effect and each such confidential document (and all copies thereof) shall be returned within forty-five (45) days of conclusion of the case to counsel for the party that produced the confidential document.

5. All documents so marked confidential may be referred to or incorporated in briefs,

715487.docx

1  affidavits, or other documents filed with the court provided that such documents are either: (1)

2  filed with the Clerk of Court under seal and prominently marked "Proprietary or Confidential

3  Information - Subject to Protective Order Case, No. 2:15-cv-00340-APG-PAL"; and (2) in a

4  manner pursuant to United States District Court Nevada Local Rule 10-5(b).

5

6       6.  The stipulation/protective order shall remain in effect until further order of the court.

7  DATED this 17 day of September, 2015.      DATED this 12 day of September, 2015.

8  ATKIN WINNER & SHERROD      THE HOWARD LAW FIRM

9

10

11  THOMAS E. WINNER, ESQ.      JAMES W. HOWARD, ESQ.
   Nevada Bar No. 5168      Nevada Bar No. 4636

12 MATTHEW J. DOUGLAS, ESQ.    1835 Village Center Circle
   Nevada Bar No. 11371      Las Vegas, Nevada 89134

13 PHIL W. SU, ESQ.      *Attorneys for Steven Goldstein*
   Nevada Bar No. 10450

14 1117 South Rancho Drive
   Las Vegas, Nevada 89102

15 *Attorneys for GEICO Indemnity Company*

16

17 DATED this 23 day of September, 2015.

18 LAW OFFICE OF WILLIAM R. BRENSKE

19

20

21

   WILLIAM R. BRENSKE, ESQ.

22 Nevada Bar No. 1806
   JENNIFER R. ANDREEVSKI, ESQ.

23 Nevada Bar No. 9095
   630 S. Third Street

24 Las Vegas, Nevada 89101
   *Attorneys for Carolyn Mann*

25

26

27

28

715487.docx

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS
### United State Federal District Court, District of Nevada
### Case No.: 2:15-cv-00340-APG-PAL

The parties, Plaintiff/Defendant GEICO Indemnity Company; Defendant Steven Goldstein; and Plaintiff Carolyn Mann, by and through their respective counsel of record, acknowledge that certain documents produced in the subject consolidated action contain confidential information including, but not limited to, trade secrets; confidential research, development or commercial information; financial information; process and training materials; and other sensitive, non-public information (collectively, "Confidential Information").

The Court, being advised of the agreement of the parties to the entry of this Stipulated Protective Order, HEREBY ORDERS AS FOLLOWS:

1. This Stipulated Protective Order shall apply to all confidential information, properly designated as described in Paragraph 4, which is produced in this litigation.

2. In connection with discovery proceedings in the Litigation, any party to the Litigation (the "Designating Party") shall have the right to designate as "Confidential" any testimony, documents, and other material containing Confidential Information, the disclosure of which in a manner other than that specified herein the Designating Party in good faith believes would present a significant risk of injury to the legitimate business interests of the disclosing party or a significant risk of injury to any other legitimate interest. Such Confidential Information includes, but is not limited to, proprietary trade secrets; all materials reflecting, referring to or evidencing any information deemed confidential by local, state, or federal statute, ordinance, regulation, or other law; confidential non-public business plans or forecasts; confidential non-public financial plans and forecasts; all private or sensitive commercial, financial, personal or personnel information; confidential non-public underwriting and rating information; training manuals, guidelines and other proprietary process documentation; and confidential research and development information. Confidential Information also includes, but is not limited to, personal information such as a person's social security number, medical records, personnel file, bank records, tax records and other sensitive non-public information. Confidential Information may

715487.docx

1    take the form of, but is not limited to, (a) documents, interrogatories, requests for admission, and

2    answers and responses thereto; (b) transcripts of depositions and exhibits thereto; and (c) all

3    copies, abstracts, excerpts, analyses, and complete or partial summaries prepared from or

4    containing, reflecting, or disclosing such Confidential Information.

5        3. Confidential Information may be disclosed only to "Qualified Persons," as that term is

6    defined in Paragraph 5 below, and used only in connection with this litigation and for no other

7    purpose. All Qualified Persons receiving Confidential Information shall be bound by the terms of

8    this Stipulated Protective Order.

9        4. Any document, material, or information to be designated as Confidential Information

10   must be so designated by stamping or marking the document, material or information

11   "Proprietary or Confidential Information - Subject to Protective Order Case, No. 2:15-cv-

12   00340-APG-PAL" or with a substantially compliant designation.

13       5. Confidential Information may be disclosed to or made available by counsel of record

14   for the party receiving such information only to Qualified Persons. For the purpose of this

15   Agreement, the term "Qualified Persons" means:

16       (a) this Court (and any appellate court), including court personnel, jurors and alternate

17   jurors;

18       (b) court reporters;

19       (c) the named parties or the officers, employees, or principals of a party, who are actually

20   assisting counsel in the consideration or prosecution of the claims, or the defense thereof,

21   asserted in the Litigation;

22       (d) counsel to the named parties to the Litigation, associate attorneys, paralegal, clerical,

23   secretarial, and other staff employed by such counsel, or copy service personnel responsible for

24   copying documents or materials in connection with the Litigation, who such counsel shall

25   determine have a need to have access to such information; and

26       (e) independent outside experts, advisors or consultants (other than employees, officers,

27   or directors of any party) retained by counsel of record in the Litigation.

28

715487.docx

1       6. Prior to any disclosure of Confidential Information to any Qualified Person defined in

2    paragraphs 5, counsel of record for the party proposing to make such disclosure shall ensure that

3    a copy of this Stipulated Protective Order has been delivered to such person, and shall obtain that

4    person's written agreement to be bound by the terms of this Stipulated Protective Order and

5    consent to the Court's jurisdiction for purposes of enforcing this Stipulated Protective Order. The

6    requirements of obtaining such written agreement may be satisfied by obtaining the signature of

7    any such person on a copy of **Exhibit A** to this Stipulated Protective Order, after having had

8    such person read this Stipulated Protective Order. Counsel of record for each party shall maintain

9    a list of the names of all persons to whom such documents or information is disclosed.

10       7. All Qualified Persons who have received Confidential Information pursuant to this

11    Stipulated Protective Order shall safeguard such information so as to avoid any disclosure of that

12    information, except as provided in this Stipulated Protective Order.

13       8. Any party to the Litigation to whom Confidential Information is produced or disclosed

14    may object to the "Confidential" designation. The objection shall be made in writing to counsel

15    for the Designating Party. Counsel shall confer is good faith in an effort to resolve any dispute

16    concerning such designation. Should the parties be unable to reach an agreement regarding any

17    dispute concerning the "Confidential" designation, the party which designated the document as

18    "Confidential" shall file a Motion with the Court to have the issue concerning the objection to

19    the "Confidential" designation ruled upon. In the event of a motion concerning the designation of

20    information as "Confidential," all materials the designation of which is so objected to shall

21    continue to be treated as Confidential Information until the Court rules to the contrary.

22       9. The fact that a document or information has been designated as "Confidential" shall

23    not create a presumption that the document or information is, in fact, confidential or is entitled to

24    protection by this Protective Order. It shall be the burden of the party claiming the information is

25    Confidential to prove to the satisfaction of the Court that it is Confidential and entitled to

26    protection.

27       10. Documents, depositions, or other materials designated as "Confidential" shall be used

28

715487.docx

ATKIN WINNER & SHERROD
A NEVADA LAW FIRM

1   by the persons receiving them only for the purpose of preparing for and conducting the

2   Litigation. Any use or disclosure of such documents, materials or information for any other

3   purposes is a direct violation of this Stipulated Protective Order.

4        11. All Confidential Information, and all copies thereof, shall be returned to counsel for

5   the Designating Party producing such documents within forty-five (45) days after the final

6   conclusion of the Litigation, including appeals. Counsel for the parties, may, within sixty (60)

7   days following the final conclusion of the Litigation, including appeals, and with notice to the

8   other parties who may object within seven (7) days thereof, withdraw all documents containing

9   Confidential Information that have been filed with the Court to the extent permitted to do so by

10  the Court and the Clerk of the Court.

11       12. The inadvertent production of any Confidential Information during discovery in this

12  action without a designation as provided herein, or the inadvertent production of any document,

13  material, or other information, not intended to be produced (e.g. due to a claim of privilege),

14  shall be without prejudice to any later claim that it is Confidential Information, or should be

15  withheld from production on the basis of privilege and no party shall be held to have waived

16  future assertion of any rights by such inadvertent production. However, disclosure of the material

17  by the other party prior to such designation is not a violation of this Protective Order.

18       13. Nothing in this Stipulated Protective Order shall prejudice the right of any party to

19  make any use of or disclose to any person any material it has designated as Confidential

20  Information, without prior court order, or to waive the provisions of this Stipulated Protective

21  Order with respect to any Confidential Information.

22       14. Nothing in this Stipulated Protective Order shall constitute or be used by any party as

23  an "admission by party opponent."

24       15. This Stipulated Protective Order does not control the treatment of Confidential

25  Information at trial. The parties agree to address the treatment of Confidential Information at trial

26  by appropriate request to the Court at the time of trial.

27       16. The Federal District Court of Nevada shall retain jurisdiction to enforce this

28

715487.docx

1   Protective Order and decide any issues related to or arising from it. The provisions and terms of

2   this Stipulated Protective Order shall survive the termination of the Litigation unless the Order is

3   terminated or modified in writing by the parties or by further Order of this Court after notice and

4   hearing.

5        IT IS SO ORDERED this 27th day of October, 2015.

6

7   _____
    United States Magistrate Judge

8

9   APPROVED:

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

715487.docx

1   DATED this ___ day of September, 2015.    DATED this 2 day of September, 2015. *october*

2   ATKIN WINNER & SHERROD                     THE HOWARD LAW FIRM

3

4

5   THOMAS E. WINNER, ESQ.                     JAMES W. HOWARD, ESQ.

6   Nevada Bar No. 5168                        Nevada Bar No. 4636
    MATTHEW J. DOUGLAS, ESQ.                   1835 Village Center Circle
7   Nevada Bar No. 11371                       Las Vegas, Nevada 89134
    PHIL W. SU, ESQ.                           *Attorneys for Steven Goldstein*
8   Nevada Bar No. 10450
    1117 South Rancho Drive
9   Las Vegas, Nevada 89102
    *Attorneys for GEICO Indemnity Company*

10

11

12  DATED this ___ day of September, 2015.

13  LAW OFFICE OF WILLIAM R. BRENSKE

14

15

16  WILLIAM R. BRENSKE, ESQ.

17  Nevada Bar No. 1806
    JENNIFER R. ANDREEVSKI, ESQ.
    Nevada Bar No. 9095
18  630 S. Third Street
    Las Vegas, Nevada 89101
19  *Attorneys for Carolyn Mann*

20

21

22

23

24

25

26

27

28

Page 9 of 10

715487.docx

**EXHIBIT A**

**ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

*GEICO Indemnity Company v. Steven Goldstein, et. al*
AND
*Carolyn Mann, et. al v. GEICO Indemnity Company* (consolidated)

In the United States District Court, District of Nevada,
Case No. Case No: 2:15-cv-00340-APG-PAL
Sub-Case No: 2:12-cv-02166-APG-CWH

I, _____, acknowledge that I have received and reviewed a copy of the Stipulation and Protective Order Regarding Confidential Documents, entered by the Court on this ___ day of _____, 2015, in the above-entitled action. I understand the terms of the Agreed Stipulation and Protective Order and agree to be bound by its terms.

DATE: _____

_____
Signature

_____
Name (printed)

_____
Business address

715487.docx