# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEICO INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN GOLDSTEIN, as Special Administrator of the Estate of Thomas Joseph Meyers,<br><br>Defendant. | Case No. 2:15-cv-00340-APG-PAL<br><br>Consolidated with:<br>Case No: 2:15-cv-00485-APG-PAL |
| CAROLYN MANN, Individually and as Special Administrator of the ESTATE OF DAVID ANTHONY MANN and as Assignee of the claims of STEVEN GOLDSTEIN, as Special Administrator of THE ESTATE OF THOMAS JOSEPH MEYERS,<br><br>Plaintiff,<br><br>v.<br><br>GEICO INDEMNITY COMPANY,<br><br>Defendant. | **ORDER GRANTING GEICO'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 83) |

GEICO's insured, Thomas Joseph Meyers, caused a car accident that killed himself and David Mann, the driver of a second vehicle, and also injured the occupants of a third vehicle. After insurance settlement discussions broke down, Mann's estate obtained a large judgment against Meyers' estate that far exceeded the value of the GEICO policy. The special administrator of Meyers' estate, Steven Goldstein, assigned the estate's rights and claims against GEICO to Mann's estate.

In the first of these consolidated cases, GEICO seeks a declaratory judgment that Goldstein had no bad faith claim to assign. In the second, Mann's estate pursues the bad faith

claim it contends that Goldstein validly assigned to it.  GEICO moves for summary judgment in both cases on several grounds, including that it did not act in bad faith.

Because GEICO had a reasonable basis for its handling of Mann's claim, a jury could not reasonably find that GEICO acted in bad faith with respect to Meyers' estate.  I therefore grant summary judgment in GEICO's favor.

**I.  BACKGROUND**

On March 29, 2012, Thomas Joseph Meyers ran a red light and collided with a vehicle driven by David Mann.  Following that initial impact, Meyers collided with a separate vehicle driven by Nicholas Davis and occupied by Benjamin and Martha Cortez.  Meyers and Mann were killed in the collision.  All three occupants of the other vehicle were injured.  Mr. and Mrs. Cortez were transported to Sunrise Hospital.  GEICO learned, in a letter from Davis' lawyer on May 1, 2012, that Mr. Cortez suffered soft tissue injuries and Mrs. Cortez received a head laceration.

Meyers had a liability insurance policy with GEICO providing $15,000 per person and $30,000 per accident.  On April 23, 2012, the lawyer for Mann's estate sent GEICO a letter demanding immediate payment of the $15,000 individual limit.  GEICO had already received letters from two other law firms representing the other claimants.  A week later, GEICO agreed to a global payment of its full $30,000 policy limits, requesting that the claimants negotiate apportionment amongst themselves.  GEICO suggested that Mann's estate receive $15,000, with the other claimants receiving $5,000 each, but left it to the claimants to resolve.

Mann's lawyer rejected the offer, demanding GEICO's unconditional agreement to the $15,000 limit.  Davis' lawyer proposed that Mann's estate receive $15,000, Davis and Mrs. Cortez receive $6,000 each, and Mr. Cortez receive $3,000.  GEICO conveyed this offer to the Cortezes' counsel, but received no response.

Over the following months, GEICO sent additional letters to each of the claimants' lawyers, hoping to secure a global settlement.  On October 1, 2012, Mann's counsel withdrew his representation.  Later that same month, the Cortezes' counsel also ceased representation.  GEICO proceeded to attempt to contact the Cortezes directly, finally doing so by phone on February 25,

2013. The Cortezes explained they were still receiving treatment for the injuries from the accident, and that Mrs. Cortez had suffered a concussion and was still having memory issues. GEICO requested medical records in support of those claims, but did not receive further contact from the Cortezes.

On May 24, 2013, Mann's counsel notified GEICO that he was resuming representation of Mann and intended to file a lawsuit against Meyers' estate. On June 3, GEICO sent "lack of interest" letters to the Cortezes indicating GEICO would close out their claims without payment. On July 1, Mann's counsel sent GEICO notification that it had filed a complaint, accompanied by an offer of judgment. That same day, GEICO offered counsel for Davis and Mann's estate the per person policy limits of $15,000. Davis accepted. Mann's estate declined and proceeded to litigation. On July 28, 2014, Mann's estate obtained a state court judgment against special administrator Goldstein for $1.65 million, which was entered on September 23.

## II. ANALYSIS

### A. Summary judgment standard

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view all evidence and inferences which may be drawn therefrom in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915,

920 (9th Cir. 2008).

**B. Bad faith**

"An insurer fails to act in good faith when it refuses 'without proper cause' to compensate the insured for a loss covered by the policy." *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (Nev. 1993) (quoting *U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975)). Such conduct is a breach of the covenant of good faith and fair dealing, and constitutes actionable bad faith. *Id*. "To establish a prima facie case of bad-faith refusal to pay an insurance claim, the plaintiff must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 604 (Nev. 1998).

It is not necessary for the insurer to show that it conducted a perfect investigation or arrived at the right conclusion. The insurer is required to show only that it had a "reasonable basis for disputing coverage." *See id*; *see also Hansen v. State Farm Mut. Auto. Ins. Co.*, No. 2:10-cv-01434-MMD, 2012 WL 6204822, at *9 (D. Nev. Dec. 12, 2012) ("The genuine issue rule in the context of bad faith claims allows a district court to grant summary judgment when it is undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable—for example, where even under the plaintiff's version of the facts there is a genuine issue as to the insurer's liability.") (citations omitted).

Here, GEICO immediately offered a settlement for the entire policy amount to the group of four claimants. Mann's estate insisted it was entitled to the $15,000 per person maximum unconditionally, but GEICO reasonably concluded that it needed to determine the extent of injuries to the other claimants before committing half the policy to Mann. GEICO was also reasonably proactive in quickly proposing a global settlement and following up with the claimants over the following year. The Cortezes were responsive enough for GEICO to continue trying to pursue settlement conversations with them, but they never proposed or agreed to any offers. Nor did it become clear at any point that the other claimants' injuries were minor. Mrs. Cortez, specifically, reported a concussion and ongoing memory loss from the accident, which was

consistent with the earlier report from Davis' lawyer that Mrs. Cortez had received a head laceration. She also stated she was continuing to undergo treatment and would collect medical records for GEICO to evaluate. A premature settlement with Mann for $15,000 might well have exposed GEICO's insured to liability from the other claimants. Other courts have agreed that it is not only reasonable, but necessary, for an insurer to consider competing claims when considering a settlement demand. *See McReynolds v. Am. Commerce Ins. Co.*, 235 P.3d 278 (Ariz. App. 2010). Because no reasonable jury could conclude that GEICO denied Mann's demands with knowledge or reckless disregard for the unreasonableness of that position, Mann's bad faith claim fails as a matter of law.

### III. CONCLUSION

IT IS THEREFORE ORDERED that GEICO Indemnity Company's motion for summary judgment **(ECF No. 83) is GRANTED**. The clerk of court shall enter judgment in favor of GEICO and against defendant Steven Goldstein and plaintiff Carolyn Mann.

DATED this 24th day of August, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE